UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
99 MAY 26 PM 5:36
N.D. OF ALABAMA

ALICIA WARD, )
)
    Plaintiff, )
)
vs. ) Civil Action No. CV-98-S-2751-NE
)
CITY OF ATHENS, ALABAMA; )
DANIEL WILLIAMS, in his )
individual capacity; KAY )
BENTLEY, in her individual )
capacity; and JACK SKIPPER, )
in his individual capacity, )
)
    Defendants. )

ENTERED
MAY 27 1999

## MEMORANDUM OPINION

Plaintiff, Alicia Ward, commenced this action on October 29, 1998, alleging claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; 41 U.S.C. § 1981(a); 42 U.S.C. § 1983; and 42 U.S.C. § 1985.[1] All of the claims arise out of plaintiff's unsuccessful application for a position with defendant City of Athens, Alabama ("COA"). Of the five counts Ward alleges in her complaint, two arise out of an alleged conspiracy among the defendants. Ward names the individual defendants, Daniel Williams, Kay Bentley, and Jack Skipper, in only these claims grounded in the alleged conspiracy.[2] This action presently is

---

[1] These claims, and this court's analysis, reflect the allegations found in plaintiff's amended complaint (Doc. No. 16).

[2] Plaintiff alleges the following five counts:
    Count I:    disparate treatment because of race in violation of § 1981, against COA.
    Count II:  disparate treatment because of race in violation of TITLE VII, against COA.

before the court on the motion of the individual defendants to dismiss these claims and, thereby, to dismiss them from this action.[3] (See motion to dismiss, Doc. No. 21.) Ward belatedly filed a brief in opposition to the motion on May 21 (Plaintiff's brief in response, Doc. No. 27). Upon consideration of the pleadings, defendants' motion, submission of authorities in support of that motion, plaintiff's brief in response, and oral arguments of counsel, this court concludes the motion should be granted, but only in part.

## DISCUSSION

Defendants Daniel Williams, Kay Bentley, and Jack Skipper move this court "to dismiss the complaint as to these [individual] defendants" because Ward fails to state a claim against them upon which relief can be granted. (Motion to dismiss.) As mentioned above, the individual defendants are implicated in only the fourth and fifth counts of the complaint. Count IV, brought pursuant to

---

Count III: discrimination because of race in violation of § 1983 and the 14th Amendment, against COA.
Count IV: conspiracy to deny equal employment rights guaranteed by 14th Amt, § 1983, § 1981a, and Title VII, under § 1983 and against all defendants.
Count V: conspiracy to deny equal employment rights guaranteed by 14th Amt, § 1983, § 1981a, and Title VII, under § 1985 and against all defendants.

[3] In the interim, however, plaintiff has filed a motion to amend the complaint (Doc. No. 28). This court will address that motion in a separate order. If allowed, such amendments may state additional claims against the individual defendants, rendering dismissal of those defendants through resolution of the present motion improvident.

2

42 U.S.C. § 1983, alleges that "[d]efendants COA, Williams, Bentley, and Skipper joined in a conspiracy with each other or acted jointly together to deny Plaintiff the right of equal employment as guaranteed under the Fourteenth Amendment, 42 U.S.C. § 1983, 42 U.S.C. § 1981a[,] and 42 U.S.C. § 2000e *et seq.*" (Amended complaint, Doc. No. 16, at ¶ 51.) Count V contains the same allegations as Count IV, but is brought pursuant to 42 U.S.C. § 1985.[4]

---

[4] **§ 1985. Conspiracy to interfere with civil rights**

(1) Preventing officer from performing duties
    If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

(2) Obstructing justice; intimidating party, witness, or juror

    ...

(3) Depriving persons of rights or privileges

    If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to

3

The individual defendants contend that, because they were agents or employees of the City of Athens ("COA") during the time they engaged in the allegedly conspiratorial acts, "they are incapable of conspiring with each other." (Motion to dismiss.) As is apparent from the motion and the submission of authorities to this court, the movants rely on the "intracorporate conspiracy doctrine" for the proposition that no cause of action for conspiracy lies against individual defendants of the same employer. They cite the following reported cases in support of application of such doctrine to the instant case: *Nelson Radio & Supply Company, Inc. v. Motorola, Inc.*, 200 F.2d 911 (5th Cir. 1952)[5]; *Hillard v. Ferguson*, 30 F.3d 649 (5th Cir. 1994); *Chambliss v. Foote*, 421 F. Supp. 12 (E.D. La. 1976), *aff'd*, 562 F.2d 1015 (5th Cir. 1977); *Moody v. Jefferson Parish School Board*, 803 F. Supp. 1158 (E.D. La. 1992). Defendants also cite three unreported cases from this District, including one from this court: *Ebrahimi v. City of*

---

injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985.

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

4

*Huntsville Board of Education*, CV 95-H-1331-NE (decision entered December 21, 1995) (opinion of Hancock, J.); *Olivares v. Dynamic Science, Inc.*, CV 94-S-2201-NE (order and memorandum opinion entered May 29, 1996) (opinion of Smith, J.); and *Walker v. Huntsville City Board of Education*, CV 96-N-2202-NE (order and memorandum opinion entered March 26, 1999) (opinion of Nelson, J.).

This court considered application of the intracorporate conspiracy doctrine under similar circumstances in *Olivares*. In *Olivares*, as here, plaintiffs brought claims of employment discrimination (discriminatory failures to hire) and also alleged a conspiracy to deprive the plaintiffs of their rights under 42 U.S.C. § 1985. Each individual defendant was an employee of the same employer, which also was a defendant, during the time they allegedly conspired to deprive the plaintiffs of their rights.

This court in *Olivares*, relying heavily on the opinion of Judge Hancock in *Ebrahimi*, addressed the § 1985 conspiracy claim as follows:

> Many circuits have found the [intracorporate conspiracy] doctrine inapplicable in the context of § 1985. In addition, those circuits which have found it a defense have carved out exceptions. ... Even so, this court agrees with the reasoning of District Judge James Hughes Hancock:

A basic element of a claim under 42 U.S.C. §1985(3) is the existence of a conspiracy among two or more persons. The doctrine provides:

> It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that acts of the agent are the acts of the corporation.

*Nelson Radio & Supply Co., Inc. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952), *cert. denied*, 345 U.S. 925 (1953). While the doctrine developed in the context of antitrust actions, many courts have applied the doctrine to civil conspiracies in the § 1985 context. The Supreme Court and the Eleventh Circuit have expressly declined to address the application of the intra corporate conspiracy doctrine to a § 1985(3) claim. In *Chambliss v. Foote*, 421 F. Supp. 12 (E.D. La. 1976), *aff'd*, 562 F.2d 1015 (5th Cir. 1977) (per curium on the basis of the district court decision), *cert. denied[,]* 439 U.S. 839 (1978), the court stated: "[w]ith respect to the asserted 42 U.S.C. § 1985(3) claim, the evidence negates the existence of a conspiracy. Moreover, the university and its officials are considered as constituting a single legal entity which cannot conspire with itself." *Chambliss*, 421 F. Supp. at 15 (citation omitted). While plaintiff is correct that some other circuits have refused to apply the intra corporate conspiracy doctrine in the § 1985(3) context, this court cannot ignore binding precedent in this circuit. Thus, this court follows the reasoning of *Chambliss* and holds that because the remaining defendants to the § 1985(3) claim are all employees or agents of the School Board, and thus, constitute a single

>               entity incapable of conspiring for § 1985(3)
>               purposes.

*Olivares*, CV 94-S-2201-NE (N.D. Ala. 1996) at 33-35 (citations and footnotes omitted).

Moreover, this court relies on Judge Hancock's analysis in denying application of a potential exception to the doctrine where a plaintiff alleges the defendants were acting pursuant to a personal motive, unrelated to their positions in the defendant employer's organization. *See Ebrahimi*, CV-95-H-1331-NE (N.D. Ala. December 21, 1995) at 7 (citing *Cromley v. Board of Education of Lockport*, 699 F. Supp. 1283 (N.D. Ill. 1988). In essence, defendants here "derive their ability to injure plaintiff ... solely from their positions as agents or employees of the [defendant employer]."[6] *See Ebrahimi*, CV-95-H-1331-NE (N.D. Ala. December 21, 1995) at 7-8.

This court has found no Eleventh Circuit authority to the contrary, and plaintiff has presented none. Upon consideration of the authorities cited above, this court finds that the intracorporate conspiracy doctrine applies to the instant case. Therefore, this court holds that Williams, Bentley, Skipper, and

---

[6] To the extent plaintiff may rely on defendant Skipper's withdrawal of his application for retirement as an act entirely separate from his authority as an employee of COA, that action neither establishes a conspiracy, nor satisfies the requisite element of causation for plaintiff's claim, *i.e.*, that action alone did not injure plaintiff.

COA cannot be held liable under 42 U.S.C. § 1985 for allegedly conspiring with each other to deprive the plaintiff of her civil rights. Plaintiff's conspiracy claim in Count V is due to be dismissed.

As mentioned above, plaintiff also includes in her complaint a separate conspiracy count brought under § 1983 for violations of the Fourteenth Amendment. As the Eleventh Circuit recognized in *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988), a conspiracy claim may lie under § 1983 and another statutory or constitutional provision, other than and without the use of § 1985:

> The Supreme Court and this court's predecessor have recognized that a conspiracy to violate constitutional rights states a claim under § 1983. *Dennis v. Sparks*, 449 U.S. 24, 29, 101 S.Ct. 183, 187, 66 L.Ed.2d 185, 190 (1980); *Adickes v. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605-06, 26 L.Ed.2d 142, 150-51 (1970); *Crowe v. Lucas*, 595 F.2d 985, 990 (5th Cir. 1979). To establish a prima facie case of conspiracy to violate rights protected by § 1983, a plaintiff must demonstrate that the defendants "'reached an understanding' to violate [his] rights." *Dykes v. Hosemann*, 743 F.2d 1488, 1498 (11th Cir. 1984), *vacated*, 776 F.2d 942 (11th Cir. 1985), *reinstated*, 783 F.2d 1000 (11th Cir.), *cert. denied*, 479 U.S. 983, 107 S.Ct. 569, 93 L.Ed.2d 574 (1986).

The Southern District of Florida charted the course for such claims within the Eleventh Circuit in *Lake Lucerne Civic Association, Inc. v. Dolphin Stadium Corp.*, 801 F. Supp. 684 (S.D. Fla. 1992). In *Lake Lucerne* the plaintiffs alleged a cause of

8

action for conspiracy to violate the due process clause and 42 U.S.C. § 1983. The court said that to state a claim under § 1983, a plaintiff must allege "(1) the defendant's conduct caused the constitutional violation; and (2) the challenged conduct was 'under color of state law.'" 801 F. Supp. at 700-01 (citing *Arnold v. Board of Education of Escambia County, Alabama*, 880 F.2d 305, 309 n.2 (11th Cir. 1989)). In addition, to show a conspiracy to violate § 1983, a plaintiff must show that defendants "reached an understanding to violate [his] rights." *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988).

Further discussing the pleading requirements, the court said:

> In an effort to eliminate non-meritorious claims on the pleadings, the Eleventh Circuit has tightened the application of Fed. R. Civ. P. 8 in § 1983 cases. *Arnold*, 880 F.2d at 309. Typically, Fed. R. Civ. P. 8 is applied more rigidly to allegations of conspiracy. *Arnold*, 880 F.2d at 310. Accordingly, a plaintiff alleging conspiracy to violate § 1983 must allege specific facts of the conspiracy. *Streetman v. Jordan*, 918 F.2d 555 (5th Cir. 1990); *Burns v. County of King*, 883 F.2d 819 (9th Cir. 1989); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) ("The naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts provides an insufficient state action nexus for a section 1983 action."); *Sommer v. Dixon*, 709 F.2d 173 (2d Cir. 1983). Conclusory, vague, or general allegations of conspiracy are insufficient to withstand a motion to dismiss. *Streetman*, 918 F.2d at 556; *Sommer*, 709 F.2d at 175.

9

*Lake Lucerne*, 801 F. Supp. at 701; *see Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) ("[T]he plaintiff must plead a § 1983 conspiracy claim with particularity, and simply claiming a conspiracy is not enough.").

Considering plaintiff's allegations contained in paragraphs 20, 21, 24, 25, and 49-52, this court finds she has alleged a conspiracy claim under § 1983 and the Fourteenth Amendment with sufficient particularity. (*See* Amended complaint, Doc. No. 16.) While this avenue of relief may be available to plaintiff in the first instance, this court questions whether application of the intracorporate conspiracy doctrine would block that route as well. In fact, the court sees no reason its analysis should differ for the claim alleged in Count IV. *See Staheli v. University of Mississippi*, 621 F. Supp. 449, 455 n.9 (N.D. Miss. 1985) (noting in *dicta* that the intracorporate conspiracy doctrine would have barred plaintiff's § 1983 / 14th Amendment claim had plaintiff alleged actions constituting a conspiracy). Nevertheless, the authorities relied on for application of the intracorporate conspiracy doctrine address its application only in the context of claims bottomed upon § 1985 claims.

Thus, plaintiff shall be ordered to show cause why this court should not dismiss the claim alleged in Count IV for the reasons

10

the claim in Count V was dismissed above.  Plaintiff must persuade this court that the conspiracy claim alleged in Count IV is viable in the face of this court's application of the intracorporate conspiracy doctrine to the analogous § 1985 claim.  Failing a satisfactory showing on or before **June 7, 1999**, defendants may renew this motion and have Count IV dismissed from this action.

An order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this 26th day of May, 1999.

_____
United States District Judge

11